IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY SESSION, 1997

FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES C. LEVEYE, | ) | C.C.A. NO. 01C01-9606-CC-00258 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction Relief) |

FOR THE APPELLANT:

E. COVINGTON JOHNSTON, JR.
136 Fourth Avenue South
Franklin, TN 37064

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JOE D. BAUGH, JR.
District Attorney General

DEREK K. SMITH
Assistant District Attorney
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

Appellant James C. Leveye appeals the dismissal of his petition for post-conviction relief, presenting the following issue: whether the trial court erred in dismissing his petition as time-barred.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

A Williamson County Circuit Court jury found Appellant guilty of three counts of vehicular burglary, two counts of petit larceny, one count of grand larceny, one count of illegally possessing explosives, and of being a habitual criminal. He received a life sentence plus eight years in the Tennessee Department of Correction. On direct appeal, this Court set aside the habitual criminal conviction and remanded for resentencing. The Tennessee Supreme Court affirmed that judgment on September 24, 1990, constituting, for the purpose of the post-conviction statute of limitations, the final action of the highest state appellate court.

On December 11, 1995, Appellant filed this post-conviction petition, alleging newly discovered evidence. The trial court dismissed the petition as time-barred by the statute of limitations found at Tennessee Code Annotated Section 40-30-202(a).

In this appeal, Appellant maintains that his petition is not time-barred, arguing that Section 40-30-202(a), while shortening the statute of limitations for

post-conviction cases from three years to one year, created a one year window from its effective date to present post-conviction claims. Appellant claims therefore that he had one year from May 10, 1995, the effective date of Section 40-30-202(a), to file his petition.

On numerous occasions, this Court has addressed the precise issue raised by this appeal. In Carter v. State, 1996 WL 389243 (Tenn. Crim. App. July 11, 1996) (Welles, J., dissenting), perm. app. granted, (Tenn. Dec. 2, 1996), a divided panel of this Court agreed with the position espoused by Appellant in this appeal. However, in the overwhelming majority of cases decided since Carter, this Court has taken the position that Tennessee Code Annotated Section 40-30-202(a) does not operate to revive post-conviction claims already barred under the previous limitation period. See, e.g., Brummitt v. State, 1997 WL 106679 (Tenn. Crim. App. Mar. 11, 1997); Pendleton v. State, 1997 WL 59501 (Tenn. Crim. App. Feb. 13, 1997); Blake v. State, 1997 WL 55939 (Tenn. Crim. App. Feb. 12, 1997); Carter v. State, 1997 WL 59422 (Tenn. Crim. App. Feb. 12, 1997); Tillman v. State, 1997 WL 55853 (Tenn. Crim. App. Feb. 12, 1997); Kimery v. State, 1997 WL 31143 (Tenn. Crim. App. Jan. 28, 1997); Koprowski v. State, 1997 WL 33638 (Tenn. Crim. App. Jan. 28, 1997); Butler v. State, 1996 WL 691506 (Tenn. Crim. App. Dec. 2, 1996); Butler v. Bell, 1996 WL 667907 (Tenn. Crim. App. Nov, 19, 1996).

We believe the better-reasoned decisions of this Court to be those which hold that post-conviction claims which were time-barred under the previous post-conviction statute of limitations remain time-barred even after the enactment of Section 40-30-202(a). To hold otherwise would circumvent the clear legislative

intent of the statute, that being to limit the number of post-conviction petitions and to reduce the time within which such petitions must be filed.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE